# O'Donnell *v.* Porter Company, Appellant.

*Real property—Roads and highways—Streets—Vacation—Easements—Plan of lots.*

Plaintiff was the owner of a lot in the City of Pittsburgh, which had originally been one of a plan of lots laid out by the predecessor in title of plaintiff and defendants. Defendants were the owners of a number of lots originally laid out by the same plan. The plan had not been recorded at the time plaintiff's or defendants' predecessors had obtained title. By ordinance of the City of Pittsburgh, a street on said plan was vacated between certain points, defendants being the owners of lots abutting on the vacated portion. Defendants obstructed the street with various materials with the intention of permanently closing the same by building thereon. Plaintiff filed a bill to prevent the obstruction of the street. *Held,* the laying out of the original plan of lots by the owner of the property was a dedication of the streets and alleys to public use, and each purchaser of a lot in the plan obtained an easement over the same, which could not be destroyed by the act of the municipality in vacating any of the streets. The fact that the plaintiff obtained title before the plan of lots had been acknowledged by the owner who had laid the same out was held not material where defendants had acquired lots conveyed in the same way, and their predecessors had notice through their chain of title of the existence of the plan.

Argued Oct. 28, 1912. Appeal, No. 64, Oct. T., 1912, by defendants, from decree of C. P. Allegheny Co., Feb. T., 1911, No. 436, in equity, awarding injunction in case

of Malachy O'Donnell v. H. K. Porter Company, a cor-
poration, and The McConway & Torley Company, a cor-
poration.   Before BROWN, MESTREZAT, POTTER, ELKIN
and MOSCHZISKER, JJ.   Affirmed.

Bill in equity for injunction to restrain obstruction
of street.

KENNEDY, P. J., filed an opinion which was in part as
follows:

The purpose of this bill is to prevent by injunction
the defendants from closing or in anywise obstructing
Calton street and Hulburt alley, in the City of Pitts-
burgh.

The plaintiff is the owner of a certain lot or piece of
ground situate in the Ninth ward of the City of Pitts-
burgh, being Lot No. 32 in a certain plan of lots alleged
to have been laid out by one George A. Bayard, dated
October 31, 1826, and recorded June 1, 1846, in the
recorder's office of Allegheny County, Pennsylvania,
said lot being situated on the southeast corner of Harri-
son and Forty-ninth streets, and having a frontage of
fifty (50) feet on Harrison street, and extending back
an even width along Forty-ninth street one hundred
(100) feet to an alley marked "Cherry Alley" in said
plan.   The first paragraph of plaintiff's bill which is as
follows, namely: "First. By deed dated November 27,
1827, George A. Bayard became seized in fee simple of
a tract of land situate in what was then known as Pitt
Township, and being so seized thereof laid out on a part
of said tract of land, a plan of lots, called Hatfield, said
plan being recorded in Deed Book Vol. 73, page 495,"
was admitted by the defendants in their answer to the
bill.   The said George A. Bayard conveyed to various
purchasers lots embraced in this plan, described in the
deeds by the numbers in the plan, and reciting the plan
as dated October 1, 1836, and recorded June 1, 1846,
naming the streets and alleys therein. George A.
Bayard subsequently on May 17, 1852, placed on the

face of the record of said plan an acknowledgment of it; also placed thereon the following certificate:

"I, George A. Bayard, the proprietor of the ground in the above named plan, and in consideration of enhancing the value of the said ground, have given, granted and conveyed, and by these presents do give, grant and convey all the ground contained in the above named streets and alleys for public highways to be used and enjoyed as public streets and alleys forever. In witness whereof I hereunto set my hand and seal this 17th day of May, A. D. 1852."

"Signed, GEORGE A. BAYARD."
"Witness A. T. Ager."

The plaintiff and the defendants both as well as others, became purchasers of lots in this plan, and conveyances of the same in their abstracts of title containing the recitals above named as to the plan, its date of making and date of record, and so forth; from which we are left without doubt that the plaintiff is the owner of Lot No. 32 in the plan of George A. Bayard, as recorded in Deed Book Vol. 73, page 495, and that such plan was laid out on the date endorsed on the face of the plan, October 1, 1836, and the question for determination in this case is: When a plan of lots is laid out with streets and alleys for the use of the owners of such lots and the public generally, and lots are sold abutting on such streets, does such action operate as a dedication of the streets to public use, and as a covenant that the streets shall be open to purchasers forever? We think this question has been answered in the affirmative by both of our appellate courts, and we deem it only necessary to refer to some of the decisions of these courts, which will be done hereafter.

### FINDINGS OF FACT.

The plaintiff is the owner of lot No. 32 in said plan of George A. Bayard, the title to which said lot passed from George A. Bayard by deed dated May 27, 1840, of

record in Deed Book Vol. 97, page 438, the grantee in said deed being Richard Fairfield, a predecessor in title of the plaintiff.

The defendant, H. K. Porter Company is the owner of (inter alia) Lots Nos. 45, 46, 47 and 48 in said plan of George A. Bayard, fronting on the southwesterly side of Calton street, and extending back to Hulburt alley.

The defendant, McConway & Torley Company is the owner of (inter alia) lots Nos. 42, 43 and 44 in said plan of George A. Bayard, fronting on the southwesterly side of Calton street, and extending back to Hulburt alley.

The said George A. Bayard is the common source of title of both plaintiff and defendants.

Among the streets marked and plotted on the plan of George A. Bayard was Clay street, fifty (50) feet in width, extending from Forty-eighth street to Forty-ninth street. The name of said Clay street was subsequently changed to Calton street.

Among the alleys shown on the plan of George A. Bayard, was Strawberry alley, twenty-five (25) feet wide, extending from Forty-eighth to Forty-ninth streets, the name of said alley afterwards having been changed to Hemlock alley, and subsequently by ordinance approved April 5, 1910, the name of said alley was changed to Hulburt alley.

The defendants have closed Hulburt alley by its erection of a fence across the same about 150 feet from the Forty-ninth street entrance to said alley, and further obstructed said alley with various kinds of building material and refuse, whereby the same has become impassable to the plaintiff and the public generally.

The defendants have entered upon Calton street and obstructed the same with scrap iron, structural steel and other material, together with cinders and refuse from their works, and intend to permanently close the same, whereby said street will become impassable to the plaintiff and the public generally.

Calton street has always been open for the use of the

plaintiff and the public generally, until partially ob-
structed by the defendants. The tracks of the Alle-
gheny Valley Railroad Company have not obstructed
materially the passage over Calton street, nor have the
scales on the lower part of Forty-ninth street, at the
corner of Calton street so materially obstructed the said
street.

By deed dated January 18, 1838, George A. Bayard
sold lot No. 46 in his plan to James B. Tolle, said deed
calling for Clay street, and said lot being described as
marked in plan lately laid out by said Bayard in Hat-
field farm, No. 46, the defendant, H. K. Porter Company,
being the present owner of said lot.

By deed dated October 20, 1842, George A. Bayard
conveyed lots 42, 43, 44 and 45 in his plan to Robert
Morrow, said lots being described as in the plan of
George A. Bayard, laid out October 1, 1836, the defend-
ant McConway & Torley Company being the present
owner of said lots, with the exception of lot No. 45,
which is owned by the H. K. Porter Company.

At the time the said plan was laid out by the said
George A. Bayard, the territory included in the same
was then a part of Pitt Township, and subsequently the
territory in the plan became a part of Peebles Township,
and afterwards was embraced in the Borough of Law-
renceville, and still later became a portion of the City
of Pittsburgh.

On July 18, 1910, an ordinance was passed by the
City of Pittsburgh, approved by the mayor, vacating
Hemlock alley from Forty-eighth street to Fiftieth
street, as shown in the plan known as the Borough of
Lawrenceville, approved by the borough council May
22, 1867, and within thirty days after the passage of
this ordinance there was paid into the treasury of the
City of Pittsburgh the sum of $2,000.00 for the use of
said city.

On October 26, 1910, an ordinance was passed by the
City of Pittsburgh, approved by the mayor, vacating

Calton street from Forty-eighth street to Forty-ninth street, as shown in the plan known as the Borough of Lawrenceville, approved by the borough council March 22, 1867, and within thirty days after the passage of this ordinance there was paid into the treasury of the City of Pittsburgh the sum of $2,000.00 for the use of said City.

The McConway & Torley Company and the H. K. Porter Company own all the land on the south side of Calton street, between Forty-eighth street and Forty-ninth street, except lot No. 41, and the north side of Calton street is occupied by the railroad company.

The H. K. Porter Company owns all the land on the south side of Hemlock alley between Forty-eighth street and Forty-ninth street, and the McConway & Torley Company and the H. K. Porter Company own all the land on the north side.

### CONCLUSIONS OF LAW.

1. Where the owner of real property lays out a town upon it, and divides the land into lots and blocks, intersected by streets and alleys, and sells any of the lots with reference to such plan, he thereby dedicates the streets and alleys to the use of the public.

2. The conveyance by Bayard to James B. Tolle, of lot No. 46, by deed dated January 18, 1838, of record in Deed Book Vol. 55, page 279, describing said lot as marked in plan lately laid out by said Bayard in Hatfield farm as No. 46, carried with it, by implication, a dedication of all the streets and alleys in said Bayard plan to public use.

3. The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to public use, and operates as a dedication to public use. Not only can the purchaser of lots abutting thereon assert this character, but all others in the general plan may assert the same.

4. Bayard having conveyed to Richard Fairfield lot No. 32, by deed dated May 27, 1840, the said Fairfield took by implied covenant, the right that all the streets and alleys in the Bayard plan should forever remain open to the use of Fairfield and his successors in title, and the public generally, which right has passed to the plaintiff as a successor in title to said Fairfield, and present owner of said lot 32.

5. This conveyed right of way is appurtenant to the land, and is wholly distinct from the public right of passage, and the vacation by the municipality of a street on the plan, will not divest the plaintiff's right to have the street left open, and neither Bayard, nor those who acquired title from him to other lots in the plan, can close any street on the plan or deprive the plaintiff of his right to use as public highways, the streets on the plan.

6. The defendants, having closed and obstructed Hulburt alley, obstructed Calton street and threatened to close said street entirely, the plaintiff is entitled to an injunction compelling the removal from said alley and street all said obstructions and restraining the defendants from closing or in any other manner obstructing said street and alley, as shown on the Bayard plan.

7. It is immaterial whether Bayard's plan was recorded at the time Bayard sold to Fairfield, as between the parties to this suit, the defendants being the owners of lots in said plan, which were conveyed by Bayard to their predecessors in title, prior to the recording of the plan, and they having had notice of the existence of the plan in their own chain of title.

8. The deeds of the defendants' predecessors in title having called for Calton street (formerly Clay street) and their lots being described by number in a plan laid out by George A. Bayard, October 1, 1836, the defendants are estopped from denying the date the plan was laid out or the existence of the streets and alleys shown on said plan.

9. The plaintiff has a private right of way or easement in Calton street and Hemlock alley paramount to the right of the city to vacate.

10. At the time of the passage of the Act of June 16, 1836, P. L. 749, which provides as follows:

"All streets, lanes and alleys within the city of Pittsburgh, if not less than twenty feet in width, which have been laid out, appropriated and opened by private persons for public use or for the use of the owners of lots fronting thereon, or which shall be, being of not less than twenty feet in width, hereafter laid out, appropriated and opened as aforesaid, shall for every purpose be deemed, taken and be public highways, as fully as the other public streets within the said city."

At the time of the passage of this act, the territory embraced in the plan of lots in controversy in this case was situate in Pitt Township, and did not become part of the City of Pittsburgh, and the streets and alleys therein did not come within the provisions of that act until the year 1868.

11. The acquiescence and permission of the plaintiff in the partial use of Calton street at its junction with Forty-ninth street for the office and scales of his tenant is not a denial of the right of the other lot owners in said Bayard plan of a private easement in Calton street, and the plaintiff can still assert his right of private easement therein.

12. The City of Pittsburgh may have the right to vacate Calton street and Hulburt alley to the extent of relieving the said city from its liability to maintain and keep in repair the said street and alley, but this cannot deprive the plaintiff of his right-of-way or easement over said street and alley, which is paramount to the right of the City of Pittsburgh.

These conclusions dispose of the questions in this case, and we only deem it necessary to refer to the authorities of our appellate courts, which sustain the conclusions reached.

See Quicksall v. Philadelphia, 177 Pa. 301; Jessop v. Kittanning Borough, 225 Pa. 583; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; and various authorities cited in the opinions in these cases.

We are of opinion that plaintiff is entitled to the relief prayed for, and an injunction should be granted against the defendants, restraining them perpetually from closing or in any manner obstructing Calton street and Hulburt alley, between Forty-eighth and Forty-ninth streets, and requiring them to remove any obstructions placed thereon by them, the said defendants.

The court entered a decree awarding an injunction as prayed for.   Defendants appealed.

*Error assigned,* inter alia, was the decree granting an injunction.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* with him *McCook & Jarrett,* for appellants.—Plaintiff had no easement in the highway: Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Carroll v. Asbury, 28 Pa. Superior Ct. 354; Jessop v. Kittanning Boro., 225 Pa. 583; Morrow v. Traction Co., 219 Pa. 619; Garvey v. Refractories Co., 213 Pa. 177; Reis v. New York, 188 N. Y. 58 (80 N. E. Repr. 573); Regan v. Boston Gas Light Co., 137 Mass. 37; Transue v. Sell, 105 Pa. 604; Paul v. Carver, 24 Pa. 207; Bellinger v. Union Burial-Ground Society, 10 Pa. 135; Trutt v. Spotts, 87 Pa. 339; Brooklyn Street Opening, 118 Pa. 640; Easton Boro. v. Rinek, 116 Pa. 1; Bell v. Todd, 51 Mich. 21 (16 N. W. Repr. 304).

If plaintiff had any private easement it was destroyed by the vacation of the streets: Act of May 1874, P. L. 230; Act of May 8, 1854, P. L. 645; Henry Street Vacation, 123 Pa. 346; McGee's Appeal, 114 Pa. 470; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Act of June 16, 1836, P. L. 749; O'Donnell v. Pittsburgh, 234

Pa. 401; Duff v. Heppenstall Forge & Knife Co., 234 Pa. 275.

*Leonard K. Guiler,* for appellee.—The question has been decided against the contention of appellants: O'Donnell v. Pittsburgh, 234 Pa. 401.

Plaintiff had an easement in the streets on the plan: Garvey v. Refractories Co., 213 Pa. 177; Jessop v. Kittanning Boro., 225 Pa. 583; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; O'Donnell v. Pittsburgh, 234 Pa. 401.

PER CURIAM, January 6, 1913:

On the facts found by the court below its legal conclusions inevitably followed. The latter cannot be overruled unless some of the former are disturbed; but no fact was improperly found, and, on the legal conclusion of the learned chancellor, the decree must be affirmed. O'Donnell v. Pittsburgh, 234 Pa. 401, decided after the opinion in this case was filed below, is conclusive as to the right of the appellee to the injunction awarded.

Appeal dismissed and decree affirmed at appellant's costs.

