# Schumacher *v.* Ploplis. et al., Appellants.

*Equity—Equity practice—Cross-bill—Rule 52—Answer filed prior to effective date of Rule 52—Rules of court and statutes relating to procedure.*

Prior to the adoption of Rule 52 of the Rules of Equity Practice, the defendant in an equity suit could not have affirmative relief against the plaintiff except by cross-bill.

An answer filed prior to the effective date of Rule 52 cannot be amended so as to conform thereto.

While it is true that Rules of Court and Statutes which relate only to procedure, and do not affect the substantive rights of the parties, are applicable to future procedure in cases pending at the time of their adoption or enactment, such rules and statutes are not to be construed so as to enlarge the effect of pleadings, filed prior to their adoption and enactment, but only so as to require pleadings filed subsequently to conform with their requirements.

*Streets—Plan of lots—Easement—Trespass—Injunction—Evidence.*

In a proceeding in equity to enjoin defendants from entering and trespassing upon property alleged to belong to the plaintiff, it was error for the chancellor to exclude deeds, which were offered for the purpose of showing that the land, upon which the alleged acts of trespass were committed, was a public highway to the use of which the defendants were entitled as a way appurtenant to their land.

The owner of a lot, purchased according to a plan on which

streets are plotted, has an easement of access in the streets, which is a property right, founded in contract, which is not within the power of the original grantor nor his subsequent grantees to abridge.

Argued December 8, 1925. Appeal No. 340 October T., 1925, by defendants, from the decree of C. P. Schuylkill County, Sitting in Equity, September T., 1924, No. 2, in the case of George A. Schumacher v. Petronella Ploplis, Victor Ploplis and Jesse Ploplis. Before ORLADY, P.J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity to enjoin defendants from entering and trespassing upon certain property. Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

The court below entered a decree nisi granting the relief prayed for, and subsequently, after exceptions, the decree nisi was confirmed absolutely by the court in banc and made the final decree of the court. Defendants appealed.

*Error assigned,* among others, was the decree of the court, quoting it.

*R. J. Graeff,* and with him *Calvin F. Smith,* for appellants.

*E. D. Smith,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

Defendants appeal from a final decree enjoining them from entering and trespassing upon certain property of plaintiff's. The bill averred, and there was evidence to sustain a finding, that plaintiff was the owner of a lot of ground situate on the east side

of Coal Street in the Borough of Port Carbon, and had been in possession of the premises since 1914; that Petronella Ploplis, one of the defendants, owned and occupied the lot of ground on Coal Street which adjoins plaintiff's property on the south side thereof; and that Petronella Ploplis and her two sons, the other defendants, entered upon land which plaintiff alleged to be a part of his land, and removed a fence and tore down a part of a wall and sawed off a portion of a building, and threatened further trespasses of like character. In their answer filed defendants denied that they trespassed on any land belonging to plaintiff, and averred that the land on which they committed the acts complained of "is a public highway, dedicated to and for a public highway by the owners and that the deeds of George A. Schumacher's predecessors in title show such dedication"; that the alleged tresspasses were committed on the portion of said public highway which was immediately in the rear of their land; that the objects which they removed interfered with their access to said highway; and that all that they did was to assert their rights to use said highway. The answer was filed August 9, 1924, and contained, under a caption entitled "Cross-Bill," allegations which defendants undertook to make a foundation for affirmative relief. Plaintiff demurred to the cross-bill and the court below overruled the demurrer on the ground that there was no cross-bill but only an answer, the sufficiency of which must be tested by exceptions. A replication was filed on February 25, 1925, and the case was heard the same day. On April 1, 1925, defendants filed a petition to amend their answer by striking out the words "Cross-Bill" wherever they appeared therein, so that the answer would conform with Rule 52 of Rules of Equity Practice adopted May 30, 1924, effective January 1, 1925, which provides, inter alia, that a defendant, after fully answering the

allegations of the bill, may aver such additional facts, having a direct relation to any of the causes of action set forth in the bill, as he believes will entitle him to affirmative relief against the plaintiff. The learned chancellor refused to permit such an amendment, and entered a decree enjoining defendants as prayed for in the bill.

The learned chancellor's action in refusing to permit the amendment is the subject of the first assignment of error. The answer was filed August 9, 1924, when the old equity rules were in force. Under those rules a defendant was required to file a cross-bill in order to obtain affirmative relief. (Davis v. Willig, 56 Pa. Superior Ct. 423, 425.) The learned judge decided on October 6, 1924, that the part of the answer denominated therein as a cross-bill was not a cross-bill. Defendants had ample time prior to the adoption of the new equity rules to file a cross-bill for the purpose of securing affirmative relief. They failed to do so and went to trial upon the issues raised by their answer. The allowance of the proposed amendment would have given the averments of the cross-bill the same effect as though they had been filed as a part of the answer under the new equity rules, and plaintiff would have been entitled to fifteen days within which to answer. (See Rule 52 of New Equity Rules.) While it is true that rules of court and statutes which relate only to procedure, and do not affect the substantive rights of the parties, are applicable to future procedure in cases pending at the time of their adoption or enactment, (Laukhuff's Estate, 39 Pa. Superior Ct. 117, 119; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166) such rules and statutes are not to be construed so as to enlarge the effect of pleadings filed prior to their adoption and enactment, but only so as to require pleadings filed subsequently to conform with their requirements. For these reasons we think that

it was not error for the learned chancellor to refuse to permit defendants to introduce in their answer an amendment, the effect of which would be to permit them to secure affirmative relief, if their proofs warranted it. The ruling did not deprive them of their right to prove the averments of their answer in defense.

It is contended under the second, third and fourth assignments of error that the learned chancellor erred in refusing to permit defendants to prove that the land upon which the alleged trespasses were committed was a public highway to the use of which they were entitled as a way appurtenant to their land. Their position, as we understand it, is that the land on which the alleged trespasses were committed is part of land in Port Carbon which was known as the Seitsinger and Wetherill Plan of Port Carbon, which was bounded on the south by a tract of land known as Pott Addition to Port Carbon; that these two tracts were divided into lots which were sold according to the plans which showed them to be on certain plotted streets and alleys; that one of the streets was Hearn Court, or Line Street; that the land on which the alleged trespasses were made is a part of Hearn Court; and that plaintiff purchased his lot with knowledge of the plans in accordance with which the lots were originally sold. They rely on the rule of law stated in Stivason v. Serene, 80 Pa. Superior Ct. 1, and kindred cases, that a sale of lots according to a plan which shows them to be on a street implies a grant, or covenant, to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of it to public use; that the owner of any lot in the general plan may assert the public character of any street and the right of the public to use it, and that the rights in dedicated streets acquired by a purchaser of lots by a deed referring to a plan are pri-

vate contract rights. They offered in evidence certain deeds for the purpose of showing not only that Hearn Street extended along the rear of their property, but that the land on which the alleged acts of trespass were committed was part of Hearn Court. The trial judge sustained objections to these offers on the ground that defendants could not justify their acts of trespass by showing that they had a right of way over the property. The offers tended to establish the averment in the first paragraph of the answer that the land on which the alleged trespasses were committed "is a public highway dedicated to and for a public highway by the owners." We all agree that the evidence was relevant and competent and that it was error to exclude it. The owner of a lot purchased according to a plan on which streets are plotted has an easement of access in the streets which is a property right founded in contract, which is not within the power of the original grantor nor his subsequent grantees to abridge: Carroll v. Asbury, 28 Pa. Superior Ct. 354.

The second, third and fourth assignments of error are sustained, and the decree is reversed with a procedendo.