board should demonstrate modest reluctance in trying to measure and assess the multitude of factors and considerations which combine to effect the final decision of such board. Where no additional testimony was received in judicial proceeding, both the lower court and this [appellate] court must exercise self-restraint as to substituting our opinions far removed from the particular zoning hearing for the well-considered decision of the local officials."

Judge Blakey took no part in the consideration or decision of this case.

## ORDER

And now, to wit, July 21, 1972, the decision of the zoning hearing board is affirmed. An exception is noted for appellants.

## Appeal from Ordinance No. 550 of the Borough of Beaver

*Hon. Morgan H. Sohn*, for appellants.

*Norman S. Foulk*, for Borough of Beaver, et al., respondents.

KLEIN, J., December 21, 1972.—This is a statutory appeal from enactment of Ordinance No. 550 of the Borough of Beaver vacating a portion of Galey Boulevard Extension, a street in said borough, under and pursuant to the Act of February 1, 1966, P. L. (1965) 1656 (no. 581), sec. 1741, 53 PS §46741. Petitioners are C. C. Torp et ux. and William O. Baker et ux., owners of property abutting said street. An answer to the petition was filed by the Borough of Beaver and Ronald K. Walker et ux., the latter being neighboring abutting property owners along said street.

The petition alleges that the borough is without authority to vacate said portion of said street for two reasons. First: That the proposed vacated portion is the sole means of access to the properties of petitioners and petitioners have not consented to the vacation; and, second, that said street connects with a street of another municipality and said municipality has not filed an approval of the proposed action.

## APPLICABLE STATUTES

The following provisions of The Borough Code, 53 PS §45101, et seq., are cited in the instant action.

Section 1704, 53 PS §46704:

"No action shall be taken under this article that would result in the change of location or grade, or the vacation of any street or portion thereof that connects with a street of another municipality or township, without approval of the court of quarter sessions of the county in which such municipality or township is located, unless such municipality or township shall itself first file with the borough secretary its approval of such proposed action."

Section 1741, 53 PS §46741:

"Any borough shall have authority, by ordinance, to vacate or close any street or portion thereof pre-

viously opened or laid out, but no street or portion thereof providing the sole means of access to any lot or tract of land shall be vacated unless those to whom access would be denied shall consent. No such ordinance shall become effective until thirty days after the enactment thereof. Within ten days after the enactment of any such ordinance, the borough shall give personal notice to the owners of all property abutting on the street or portion thereof so proposed to be vacated. If any street or portion thereof proposed to be vacated shall be on a recorded plan, the borough shall also give personal notice of the proposed vacation thereof to all owners of property appearing on such plan. During such thirty-day period between the enactment and taking effect of such ordinance, any interested party may petition council for a hearing, which council shall hold within thirty days after the date of such petition, and of which the borough shall give at least fifteen days' notice in a newspaper of general circulation in the borough. Any such petition shall serve to stay the effective date of such ordinance, until council shall have held such hearing and shall have acted upon such petition by motion, or, in case of further appeal, until the court shall have finally disposed of the matter. After such hearing and within thirty days after action by council upon such petition, any party aggrieved by council's action thereupon may appeal to the court of quarter sessions."

## FINDINGS OF FACT

1. Petitioners, C. C. Torp et ux., are the owners of Lot No. 8 in the Galey Park Plan of Lots in the Borough of Beaver, Beaver County, Pa., having acquired the same on August 19, 1941. The deed was recorded on *August 26, 1941.*

2. Said plan is dated July 15, 1941, and was entered of record in the Office of the Recorder of Deeds of Beaver County, Pa., on January 20, 1942.

3. The plan showing Galey Boulevard Extension as a plotted street was accepted by the Borough of Beaver on *October 14, 1941*. Said Galey Boulevard Extension had not been previously opened or projected as a public street by the borough.

4. Petitioners, William O. Baker et ux., are the owners of lots 5, 6 and 7 in said plan having acquired the same on December 30, 1952. Lot no. 7 adjoins lot no. 8 in said plan.

5. Respondents, Ronald K. Walker et ux., are the owners of lot no. 9 in said plan and adjoining real estate situate in the Township of Brighton, Beaver County, Pa. Lot no. 9 adjoins lot no. 8 in said plan.

6. Ordinance No. 550 of the Borough of Beaver, enacted on May 9, 1972, ordains as follows:

"All that portion of Galey Boulevard Extension, a forty foot street lying within the Galey Park Plan (Plan Book Vol. 5, page 112), bounded and described as follows, shall be and the same is hereby vacated. The portion being vacated is bounded and described as follows, to wit:

"All that certain portion of a forty (40) foot street, known as Galey Boulevard Extension, bounded on the south by Lot Eight (8) in said Galey Park Plan; on the north by the line dividing the Borough of Beaver and the Township of Brighton, twenty (20) feet on each side of the center line. Said center line of the vacated portion being more particularly bounded and described as follows: Beginning at a point in said center line at the line dividing Lots Eight (8) and Nine (9) in said Galey Park Plan; thence by said center line North 6° 53′ West, a distance of thirty (30) feet to a point; thence continuing by said center line North 0° 39′

West, a distance of Ninety-four and eighty-five (94.85) hundredths feet to a point; thence by said center line North 65° 05′ West, a distance of Forty-two (42) feet to a point at the line dividing Brighton Township and the Borough of Beaver."

7. Petitioners timely protested the enactment of the ordinance and pursuant to the above set forth statutory authority, a hearing was duly held before the borough council on July 11, 1972, and the matter determined adversely to petitioners. This appeal followed.

8. Petitioners Baker have access to their property via the system of public streets other than via the proposed vacated portion of the street.

9. The sole access to the property owned by petitioners Torp via the system of public streets is provided by the proposed vacated portion of Galey Boulevard Extension and the Torps have not consented to the proposed vacation. The Torp property is physically inaccessible from Market Street and Galey Boulevard although it abuts said streets and includes a portion thereof.

10. Galey Boulevard Extension in the Borough of Beaver connects with a small portion of Galey Boulevard Extension situate in the Township of Brighton, which portion is *not* a street of Brighton Township but which portion connects with Galey Boulevard in the Borough of Beaver and which latter street continues into the Township of Brighton for a considerable distance. The Township of Brighton has not filed an approval of the proposed vacation.

11. No property owner in the Township of Brighton would ever have occasion to use Galey Boulevard Extension in going to or from his property in such a way as to be affected by the proposed vacation.

12. Galey Boulevard Extension is a 40-foot street on paper but much narrower in actual use as a street.

13. Respondents Walker, on July 18, 1972, executed a "Declaration of Easements" granting a 20-foot right-of-way to petitioners over said proposed vacated portion of Galey Boulevard Extension, which easement and right-of-way is to run with the land, said lots 5, 6, 7 and 8.

14. Petitioners Torp have a personal right-of-way, not running with the land, of 15 feet from petitioners Baker for ingress and egress over that portion of Galey Boulevard Extension, abutting lots 5, 6 and 7 previously vacated by the Borough of Beaver.

## DISCUSSION

The borough contends that section 1704 of The Borough Code, supra, does not apply to the instant situation. Only a very small portion of Galey Boulevard Extension is situate in the adjoining township and said portion does not constitute a street of Brighton Township. Therefore, we agree that section 1704 has no application here.

It is clear that the portion of the street proposed to be vacated is not the sole means of access to the property owned by the Bakers.

However, such is not so clearly the case as to the property owned by the Torps. The borough contends that the Torps have other access by virtue of a personal right-of-way granted to them by the Bakers. Since said right-of-way is personal and does not run with the land, the Torps property would become unmarketable if said right-of-way was the sole means of access thereto and if the herein vacation were permitted. The legislature, displaying its concern for the loss of access to any lot could not have intended any such result.

The borough also argues that access is available to the Torps by virtue of the declaration of easement executed by respondent Walker granting the Torps and Bakers a perpetual easement. It must be noted that the easement which respondents Walker seek to declare is over the same area proposed to be vacated. Until the vacation is approved, however, the Walkers are without such right, title or interest in said portion of the street which would permit an effective declaration. The validity of the action of the borough must be determined by the facts as they exist at the time of vacation.

The borough further contends that access is available via Market Street (Dutch Ridge Road) and Galey Boulevard. However, such access exists only on paper, the properties being physically inaccessible from said streets.

In conclusion, we are constrained to point out that the above discussion regarding access to the Torp property is largely academic in this case. The evidence establishes that the Torps acquired their lot before Galey Boulevard Extension was opened or projected as a public street and prior to any dedication by a private owner and acceptance by the municipality. Accordingly, the Torps, at the time they acquired title to the lot also acquired an easement over the streets of the plan as a private right of property arising out of the grant which is independent of the dedication of the plotted streets to the public use and which will survive the abandonment of the public right. Galey Boulevard Extension, as a public street, is not the sole means of access to the Torp property.

In the case of Cohen v. Simpson Real Estate Corporation, 385 Pa. 352 (1956), the court enunciated the two well-established principles of law:

"The one is that the grantee of a lot which is sold according to a plan of lots on which streets or alleys

not previously opened or projected as public streets are plotted by the grantor, acquires an easement over all the streets of the plan as a private right of property arising out of the grant; the easement thus created is independent of the dedication of the plotted streets to the public use and survives the abandonment of the public right."

"The second principle, sharply distinguished from the other, is that, where there has been a prior opening or projection by a municipality, or a dedication by a private owner and acceptance by a municipality, of streets and alleys appearing on a plan of lots, a subsequent purchaser of a lot which is part of the plan of lots obtains no private right to or easement over those streets. In such a situation there is negatived any implied covenant that the grantee should have private rights in the streets in addition to the right of the public therein."

In the leading case of Titusville Amusement Co. et al. v. Titusville Iron Works Co. et al., 286 Pa. 561 (1926), the court spelled out what must control our decision in this case when it said:

". . . the courts do not inquire into a municipality's purpose in doing that which it has a legal right to do: . . .

"Here, however, the ordinance does not authorize the taking of anything, but only the giving up of the city's rights in 'a public street,' without reference to any other rights in or over the soil thereof; . . .

"The ordinance only provides for the vacation of the street 'as a public street,' leaving undisturbed whatever private rights, if any, plaintiffs may have because of the sale of lots according to the plan."

Consequently, we must reject the instant appeal and determine that enactment of the herein ordinance is valid and effective. However, we are constrained, once

again, to point out that such enactment would not alter or affect the private right of property in the Torps for an easement over all of Galey Boulevard Extension in said Galey Park Plan of Lots. Also, see 53 PS §46744.

## ORDER

And now, December 21, 1972, it is hereby ordered, adjudged and decreed that:

1. Ordinance No. 550 of the Borough of Beaver is valid and will be in effect from the date of the final disposition of these proceedings.

2. Costs of these proceedings shall be borne by the Borough of Beaver.

3. This decree shall become the final decree unless exceptions are filed within 20 days.