## Mary A. Keichline, Appellant, *v.* Jacob Hornung.

*Deed—Building restriction—Estoppel.*

A plaintiff in a bill in equity is not entitled to relief where it appears that she rented a lot to defendant for a brewery; that he occupied it as such for a number of years, and then purchased the adjoining lot and erected thereon a brewery to which plaintiff did not object for five years, and that the deeds of both plaintiff and defendant contained restrictions against the building of a " distillery of spirituous or malt liquors."

Argued Jan. 4, 1899. Appeal, No. 143, Jan. T., 1899, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. T., 1897, No. 943, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Decree dismissing bill in equity.

Bill in equity for an injunction to restrain defendant from using his premises as and for a distillery for malt and spirituous liquors.

BRÉGY, J., filed the following opinion:

1. Mary A. Keichline owned the property described in the bill, at Twenty-second and Clearfield streets. In 1885 she rented the property to the defendant, who opened a saloon and brewery on the premises, with the knowledge of the plaintiff. In 1889 another lease was made by the agent of the plaintiff, in which the property is specifically leased for a brewery.

2. The defendant has occupied the plaintiff's property as a brewery from 1885 to December 14, 1897, a period of twelve years.

3. In 1892 or 1893, the defendant erected a brewery on a lot adjoining the property of the plaintiff, which he had previously purchased. No complaint or objection to the brewery was made by the plaintiff until the filing of this bill.

4. There is a restriction in the deeds of both plaintiff and defendant " that the said (parties grantees) their heirs, executors, administrators and assigns shall not erect or suffer to be erected on said premises herein conveyed or on any part thereof, any dwelling house of a less width in front than seventeen feet, nor any glue factory, bone boiling factory, lamp black or printers'

ink factory, varnish, turpentine, camphene or burning fluid fac-
tory, chemical laboratory, slaughter house, soap or tallow chand-
lery or distillery of spirituous or malt liquors, or make a deposit
thereon for any kind of offensive offal matter, nor lay out nor
open any street, lane, alley, court or avenue of a less width than
fifty feet (except such private alley as may be a necessary pas-
sageway or water course from the premises herein conveyed to a
public street) or erect or suffer to be erected any dwelling house
upon any such street, lane, alley, court or avenue."

5. The defendant ceased to occupy the premises of the plain-
tiff on December 14, 1897, and carried on the business of a brew-
ery on his own property. He moved in consequence of a three
months' notice from Mrs. Keichline.

It is also a fact that in violation of this restriction that ap-
plied to much of the ground in the neighborhood, many houses
of less width than seventeen feet have been erected. I do not
think this, however, is enough to justify the violation of the re-
striction now in controversy; whether there were other viola-
tions is in some doubt, on account of the indefiniteness of the
proof as to their location in the restricted part of the property.

CONCLUSIONS OF LAW.

I conclude, as a matter of law, that the plaintiff has lost her
right to object to this violation of the restriction because of her
failure to object to the erection of the building for five years,
and also by reason of her own violation of the restriction.

The court entered a decree, dismissing the bill, with the costs
on the plaintiff.

*Error assigned* was decree of the court.

*William Gorman*, for appellant.—The plaintiff has not lost
her right to object to the building now erected by reason of her
five years' delay. She was not bound to act. She has not lost
her right to object to the erection of the new addition which
was building at the time this bill was filed: Landell v. Hamil-
ton, 175 Pa. 327.

As matter of law the learned trial judge erred in holding
that in this case the principles of an estoppel can be invoked
for the protection of the defendant: Hepburn v. McDowell, 17
S. & R. 383; Diller v. Brubaker, 52 Pa. 498; Martin v. Ives,

17 S. & R. 564; Waters's App., 35 Pa. 523; Miles v. Miles, 8 W. & S. 135; 6 Wait's Actions and Defenses, 685; Malloney v. Horan, 10 Am. Rep. 335; Copeland v. Copeland, 28 Me. 525; Hill v. Epley, 31 Pa. 331.

Plaintiff has a legal remedy which only dies with the right itself: Fullwood v. Fullwood, L. R. 9 Ch. Div. 176; Orne v. Fridenberg, 143 Pa. 487.

*Howard A. Davis*, for appellee.—The plaintiff has violated one of the cardinal maxims of equity, to wit: "a plaintiff must come into court with clean hands:" Thompson's App., 13 Atl. Rep. 952; Rhodes's Est., 43 Leg. Int. 58; Rankin v. Simpson, 19 Pa. 471; Bleakley's App., 66 Pa. 187; Mints's App., 128 Pa. 163.

Lapse of time precludes equitable relief: LeGendre v. Byrnes, 14 Atl. Rep. 621; Mitchell v. Farrish, 14 Atl. Rep. 712; Chamberlain v. Lyndeborough, 14 Atl. Rep. 865; Culver v. Pierson, 15 Atl. Rep. 269; Orne v. Fridenberg, 143 Pa. 487; Gatzmer v. School Society, 147 Pa. 313.

The restrictions as set forth in defendant's deed are not in the nature of an easement or covenant running with the land, nor does it appear that such restrictions were imposed for the purpose of an easement for light and air: Landell v. Hamilton, 175 Pa. 327; Peek v. Matthews, L. R. 3 Eq. Cases, 517; Roper v. Williams, Turner & Russell's Rep. p. 18; Duncan v. Ry. Co., 85 Ky. 525; Groff v. Turnpike Co., 144 Pa. 152; Columbia College v. Thacher, 87 N. Y. 312; Page v. Murray, 46 N. J. Eq. Rep. 325.

PER CURIAM, January 30, 1899:

We find no error in the learned trial judge's rulings on questions of evidence, or in his finding of facts. In this, as well as in refusing to find as requested by the plaintiff, he is fully sustained by the evidence. There is nothing in either of the specifications that requires discussion. Plaintiff's request, "to find as matter of law that, under all the evidence," she "is entitled to a decree restraining the defendant from further prosecution of his business as a distiller and brewer of malt liquors upon the premises described in the bill," was rightly refused, because it was unwarranted by the facts properly found. In view of these facts there was no error in dismissing the bill.

Decree affirmed and appeal dismissed at appellant's costs.