other event.  What event did the testator intend by "the time"?
Who was to determine when "the time" had come, if not the wife?
It is to be assumed that the testator knew that his children would
succeed to their mother's estate upon her death intestate.  Did he
intend that she should dispose of the estate to the children by a
will in their favor?  If by "the time" the testator meant his wife's
death, the language "she  *  *  *  shall only be held to leave the
same to the children of our marriage" is reasonably open to the
construction for which the defendants contend.  If, on the other
hand, the testator may have intended an event other than his wife's
death, then it is impossible to say what the particular event intended
was, and the later clause of the will must be rejected for uncer-
tainty, thus leaving the earlier clause unimpaired.  By the earlier
clause the testator constituted his wife his "sole heir"; that is to
say, he gave his whole estate to her to the exclusion of all other
persons.  Later he gave her the "free disposal" of the estate, or, in
other words, the right to do therewith as it might please her.  Did
he thereafter intend to qualify his gift to her by restricting her use
of the estate, and require her to preserve it for the children, or to
leave it to them by will?  He did not himself determine the event
upon the happening of which his estate was to descend to his
children, and the fair and reasonable inference from the language
of the will, reading the later clause with the earlier one, it seems
to me, is that the testator meant an absolute gift to his wife of the
whole estate, with a suggestion or recommendation to her that,
when disposing of the subject-matter of his bounty to her, she
should prefer their children to others.  Such a suggestion or ex-
pression of the testator's hope or expectation was held in the Foose
Case, above alluded to, not to be controlling.

A decision and judgment in accordance with the views expressed
may be submitted to me for signature upon notice of settlement.

Judgment accordingly.

(57 Misc. Rep. 189.)

CURRY v. MANHATTAN RY. CO. et al.

(Supreme Court, Special Term, New York County.  December, 1907.)

1. ADVERSE POSSESSION—TACKING SUCCESSIVE POSSESSIONS—ELEVATED ROADS.
    A single-track elevated road, with a spur track, was built opposite
    premises of plaintiff.  Thereafter a double-track elevated structure was
    erected.  *Held*, that the erection of the earlier structure and the opera-
    tion of trains upon it did not constitute a use to which, for purposes of
    prescription, the period of the user of the present structure could relate
    back.

2. SAME—DISABILITIES—INFANCY.
    Plaintiff sued, June 22, 1900, to restrain the operation of an elevated
    railroad opposite his premises.  Plaintiff's predecessor in title was, May
    1, 1880, under age, and did not attain majority until November 20th fol-
    lowing.  *Held*, that defendant had acquired rights of the predecessor in
    title in the easements by prescription.

3. EMINENT DOMAIN—ELEVATED RAILROADS—DAMAGES—REMEDIES OF PROPERTY
    OWNERS.
    Where an elevated road had acquired a prescriptive right to the use
    of two tracks, and a third track was built without lawful authority, plain-

tiff, an abutting owner, was entitled to damages from the operation of trains on that part of the structure.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 729.]

Action by Bernard Curry against the Manhattan Railway Company and the Interborough Rapid Transit Company, to restrain the operation of an elevated road. Judgment for plaintiff.

Charles H. Strong, for plaintiff.

Frederick J. Moses and Theodore L. Waugh, for defendants.

BISCHOFF, J.   Upon the question of the effect of infancy of one of the plaintiff's predecessors in title on the defense of prescription, my opinion in the case of Taggart v. Manhattan Ry. Co. (filed herewith) 109 N. Y. Supp. 38, covers this case.

I do not find that the defendants' claim of an entry in the month of November, 1876, is supported by the evidence. True, an elevated railway was built opposite the premises in suit at that time; but it was a single-track structure, with a "spur" track. The operating track was placed differently from the present westerly line, and it was afterward removed, and the present structure substituted. The structure as it now exists was thus of an entirely different character from that originally maintained; and, within the reasoning employed in the case of American Bank Note Co. v. New York El. R. R. Co., 129 N. Y. 252, 29 N. E. 302, the erection of the earlier structure and the operation of trains upon it did not constitute a use to which, for the purpose of prescription, the period of the user of the present structure could relate back. Therefore I take the date of entry to be May 1, 1880, when the two-track structure, which was continuously operated, was first used.

This action was commenced on June 22, 1900; but it appears that one of the plaintiff's predecessors in title, Sarah Fullam, was, at the time of the defendants' entry, under lawful age, and that she did not attain her majority until November 20, 1880. In accordance with the rule of limitations, to which I have referred in my opinion in the Taggart Case, the period of prescription had run against this prior holder on May 1, 1900; hence, on June 22, 1900, when the action was commenced, the defendants had acquired her rights in the easements by prescription. By reason of these facts, the plaintiff is not entitled to recover damages to the extent of this one-third of the value of the easements taken. The remaining two-thirds of the property were, at the time of the entry, in the ownership of adult parties; and the defendants' claim of title by prescription is not affected by the fact that as to one-third the title was in trustees. Scallon v. Man. Ry. Co., 185 N. Y. 359, 78 N. E. 284.

The prescriptive right acquired by the defendants (Hindley v. Manhattan R. Co., 185 N. Y. 335, 78 N. E. 276) was not affected by the fact that during the period of adverse user, and in the year 1894, a third track was constructed upon the original structure, and that trains were run upon this third track. The entry was for the purpose of maintaining a railway for the running of trains; and,

in accordance with the rule announced in Lewis v. N. Y. & H. R. R. Co., 162 N. Y. 202, 223, 56 N. E. 540, and Conabeer v. N. Y. C. & H. R. R. Co., 156 N. Y. 490, 51 N. E. 402, a difference in the extent of the running of additional trains, whether upon the same or a greater number of tracks within the confines of a structure of the same dimensions, would not interrupt the continuity of use for the purposes of prescription. This third track was, however, unlawful, in that it was originally built without legal authority; and the plaintiff is entitled to damages, as an alternative to an injunction, so far as damages have been proved to have resulted from the operation of trains upon so much of the structure. Knoth v. Manhattan R. Co., 187 N. Y. 243, 79 N. E. 1015. The evidence before me indicates the fact of some damage from the maintenance of this track, and I have, therefore, made the award stated below.

As to the structure generally, the claim of the plaintiff is barred, except as to the third track (Stephens v. N. Y. O. & W. R. R. Co., 175 N. Y. 72, 67 N. E. 119), for the reasons which I have stated in this memorandum.

There should be judgment for the plaintiff, with costs, and an additional allowance of 5 per cent. of the gross award for fee and rental damages. Fee damage, $300; rental damage, $30 per annum. I have noted upon the proposed requests to find, submitted by the defendants, my disposition thereof. Form of decision and judgment may be presented upon notice of settlement.

Judgment accordingly.