ROBERT JONES et al., Appellants, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

*Real property — easement — right to maintain railroad tunnel acquired by prescription — such right limited to lines of tunnel as originally constructed.*

Where a railroad company has been, since 1869, in the uninterrupted possession of land occupied and used for a tunnel in which railroad trains are operated, the company has acquired by prescription a right to use and occupy such land for such tunnel and railroad purposes, but such prescriptive right is strictly limited to the lines of the original tunnel as heretofore occupied and used. The railroad company cannot, in rebuilding the tunnel, change the exterior lines thereof and compel the owner of the land to exchange land required to construct the new tunnel for land abandoned in removing the walls of the old tunnel, even though the easement is not thereby increased.

*Jones* v. *D., L. & W. R. R. Co.*, 143 App. Div. 961, reversed.

(Argued February 13, 1913; decided March 25, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 6, 1911, affirming a final judgment in favor of defendant entered upon a decision of the court on trial at Special Term. The appeal also brings up for review the interlocutory judgment rendered at Special Term in favor of defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Elisha B. Powell* and *David P. Morehouse* for appellants. It was a question of law whether the defendant had an easement by prescription in the plaintiffs' lot, and it was reversible error to hold that it did. (*Hammond v. Zehner*, 23 Barb. 473; *Treadwell v. Inslee*, 120 N. Y. 458; *Buffalo v. D., L. & W. R. R. Co.*, 68 App. Div. 488; *Benjamin v. B. U. El. Co.*, 111 N. Y. 567; *Cutting v. Burns*, 57 App. Div. 185; *Kneller v. Layng*, 137 N. Y. 589.) Assuming that defendant had an easement by prescription for the use of this tunnel, then such easement as matter of law must be measured by its user — cannot be enlarged or changed. (*Conabeer v. N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 484; *Prentice v. Geiger*, 74 N. Y. 341; *Brooks v. Curtis*, 4 Lans. 284; *Lewis v. N. Y. C. & H. R. R. R. Co.*, 162 N. Y. 224; *Fries v. N. Y. C. & H. R. R. R. Co.*, 57 App. Div. 578; *Rexford v. Marquis*, 7 Lans. 249; *A. B. N. Co. v. N. Y. E. R. R. Co.*, 129 N. Y. 252; *Hindley v. Manh. Ry. Co.*, 185 N. Y. 350; Washb. on Ease. [4th ed.] 732; *Capers v. McKee*, 1 Strob. 164; *Outhank v. L. S. & M. S. R. R. Co.*, 71 N. Y. 198.)

*A. D. Jenney* for respondent. The lower courts properly held "That the defendant has a right by prescription to the use, occupation and possession of the lands described for railroad purposes for the operation of trains thereon and the maintenance of its tunnel thereon." (*Valentine v. Schreiber*, 3 App. Div. 240; Jones on Easements, § 131; *Lampman v. Milks*, 21 N. Y. 505; *Crary v. Goodman*, 22 N. Y. 174; *Christie v. Gage*, 71 N. Y. 189; *Galway v. M. E. R. Co.*, 128 N. Y. 132; *Lewis v. N. Y. C. & H. R. R. R. Co.*, 162 N. Y. 224; *Hindley v. Manhattan R. R. Co.*, 185 N. Y. 335; *Bremer v. N. Y. El. R. R. Co.*, 191 N. Y. 333; *Betzimann v. B. El. R. R. Co.*, 196 N. Y. 508; 127 App. Div. 83; *Treadwell v. Inslee*, 120 N. Y. 458.) The lower courts properly held that "Defendant has the right to rebuild said tunnel according to the plans

and specifications proposed by it." (*Herman* v. *Roberts*, 119 N. Y. 337; *McMillan* v. *Cronin*, 75 N. Y. 474; 13 Hun, 68; 57 How. Pr. 53; *Huntington* v. *Asher*, 96 N. Y. 604; *Roberts* v. *Roberts*, 55 N. Y. 275; *Heiser* v. *Gall*, 39 App. Div. 162; *Whitmore* v. *Fiske*, 15 R. I. 354; Washb. on Ease. §§ 304,566; *Prescott* v. *White*, 21 Pick. 341; *Beals* v. *Stewart*, 6 Lans. 408; *Tyler* v. *Cooper*, 47 Hun, 94.)

CUDDEBACK, J. The defendant, since about the year 1869, has been in the use and occupation of a tunnel for railroad purposes under the plaintiffs' land. The plaintiffs' land is located on a street corner and the dimensions thereof are 100 feet by 132 feet. The tunnel passes under the plaintiffs' land on an outward curve very near the street corner for a distance of about 44 feet. The outside dimensions of the tunnel, as originally constructed, were 19 feet 6 inches in width and 21 feet in height, and the roof of the tunnel was arched. The top of the arch was from 1 to 3 feet below the surface of the ground.

In 1906, the tunnel being out of repair, the defendant began to remove the old side walls and arched roof thereof and rebuild the same with vertical sides and a flat roof. In so doing the upper corners of the square tunnel projected beyond the arch of the old tunnel. The extent of this projection, at each upper corner, was about 4 feet on the side of the tunnel and 5 feet on the top, and continued with somewhat varying dimensions along the length of the tunnel about 44 feet. The shape of each of the projections was somewhat triangular, with the old arch forming an hypothenuse. The altitude of this triangle, measuring from the hypothenuse, was about 4 feet.

The side walls of the tunnel, as rebuilt, were of reinforced concrete. This method of construction permitted the open space within the tunnel to be made somewhat larger than before, and at the same time the side walls, being less massive, did not occupy quite so much of the

plaintiffs' land.   The exterior lines of the new tunnel for 11 feet from the bottom were about 3 feet inside the exterior lines of the old tunnel.   The work of reconstruction followed the general course of the old tunnel and when completed the burden of the defendant's easement would not be increased.

Over the tunnel on the plaintiffs' land was a small building resting on wooden posts, owned and occupied by tenants under a lease of the land from the plaintiffs, at a rental of ten dollars a month, which building was removed by the defendant.   The defendant also made use of the plaintiffs' land in prosecuting the work of reconstructing the tunnel.

These facts appear from the findings in the case.

The plaintiffs brought this action in equity to secure an injunction restraining the defendant from interfering with their property or appropriating the same.   The trial court, in an interlocutory judgment, denied the application for an injunction, but ordered that the defendant pay to the plaintiffs the damages which they had sustained or might sustain through the removal of the building on their property or the interruption of their business by the defendant.   The court appointed a referee to determine such damages.   The referee subsequently made his report, fixing the amount of damages to which the plaintiffs were entitled at $1,407.50, but the court on motion of the defendant set aside the referee's report, and ordered a rehearing before another referee.   Thereupon the plaintiffs waived their right to damages, and requested the defendant's attorney to enter final judgment in the action as directed in the interlocutory judgment.   A final judgment was entered accordingly, which, with the interlocutory judgment, has been unanimously affirmed by the Appellate Division, and the plaintiffs have now appealed to this court.

The trial court decided as conclusions of law that the defendant has the right by prescription to the use and

occupation of the plaintiffs' lands for railroad purposes and for the maintenance of its tunnel thereon, and also decided "That the defendant has a right to rebuild said tunnel according to the plans and specifications proposed by it."

The plans and specifications referred to in this conclusion of law contemplate an extension of the walls of the tunnel on the plaintiffs' property as hereinbefore mentioned.

The foregoing summary of the findings of fact show everything contained therein to support the conclusion of law that the defendant had the right to appropriate any additional land belonging to the plaintiffs in rebuilding the tunnel. I think the findings do not support this conclusion of law. The right by prescription which the court found the defendant had to use the old tunnel was strictly limited to the lines of the old tunnel. (*Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202, 225; *American Bank Note Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252, 265.) The defendant could not compel the plaintiffs to exchange the additional land required to construct the new tunnel for the land abandoned in removing the walls of the old tunnel, even though the burden of the easement was not thereby increased. (Washburne on Easements and Servitudes [3d ed.], 57.)

Upon the findings of fact and conclusions of law a judgment has been made and entered which adjudged and decreed "That the defendant has a right by prescription to the use, occupation and possession of the lands described (in the findings of fact) for railroad purposes, for the operation of trains thereover and for the maintenance of its tunnel thereon *and for the maintenance of its tracks and tunnel as reconstructed thereon.*"

The invasion of the plaintiffs' land may be slight, and public interests may require that they be remitted to their remedy at law, or that they be compensated by an award of damages. Courts of equity in the exercise of

their discretion have at times so proceeded in disposing of applications for an injunction. (*Knoth* v. *Manhattan Ry. Co.*, 187 N. Y. 243.)

But in this case the court followed a different course. The court refused the plaintiffs equitable relief, without saving their right to damages. There has been a trial upon the merits which has resulted in a judgment denying an injunction and giving to the defendant, as affirmative relief, an easement in the plaintiffs' land.

Inasmuch as the findings of the court do not support such a judgment, it is erroneous and must be reversed.

In view of the result reached it is not necessary to consider the question which arises on the admissions in the defendant's answer that the tunnel was originally constructed with the permission of the former owners of the plaintiffs' land.

The judgment should be reversed, and new trial ordered, costs to abide the event.

CULLEN, Ch. J., HOGAN and MILLER, JJ., concur; GRAY, WILLARD BARTLETT and CHASE, JJ., concur in result.

*Judgment reversed, etc.*