## Harrison and Hartel, Appellants, v. Borough of Lewisburg.

*Boroughs— Ordinances— Highways— Vacating— Condemnation of land for school purposes—Borough Code of 1915.*

Where a borough exercises its right under chapter 6, Article IV, section 1, of the Borough Code of 1915, to vacate certain plotted highways, the fact that the school district desired the legislation in order to condemn the land for school purposes in no way detracts from the validity of the vacation, in the absence of fraudulent collusion.

The power of the borough to vacate highways, and the power of the school district to take land for school purposes are independent of each other, but each body may act in harmony with the other to accomplish a desired lawful result that neither could alone accomplish.

It is not illegal indirection to accomplish a desired result, lawful in itself, by finding a legal way to do the thing desired.

Argued March 16, 1927. Appeals Nos. 19 and 20, March T., 1927, by plaintiffs from decrees of Q. S. Union County, January Sessions, 1926, Nos. 3 and 4, in the case of Jane C. Harrison and Oscar R. Hartel v. The Borough of Lewisburg. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rules to show cause why certain ordinances vacating highways should not be declared void. Before POTTER, P. J.

The facts are stated in the opinion of the Superior Court.

The rules were dismissed. Petitioners appealed.

*Error assigned,* among others, was the decree of the Court.

*Andrew A. Leiser* and *J. Fred Schaffer,* and with them *Andrew A. Leiser, Jr.,* for appellants, cited: Phila., Newtown and New York R. R. Co. v. Cooper, 105 Pa. 239; Speer v. Monongahela R. R. Co., 255 Pa. 211; Funk's Admrs. v. Waynesboro School District, 3 Sadler 177, 18 W. N. C. 447; Wood v. State Hospital, 164 Pa. 159; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; Tesson v. Porter Co., 238 Pa. 504.

*David R. Crossgrove* and *Harry M. Showalter* for appellee, cited: Adamstown v. Hartman, 75 Pa. Superior Ct. 588; Williamsport & N. Branch R. R. Co. v. Philadelphia & Erie R. R. Co., 141 Pa. 407; Underwood v. Penna., Monongahela & Southern R. R. Co., 255 Pa. 553; Stockett et al. v. Ryan, 176 Pa. 71; Ensign v. Kindred, 163 Pa. 638; York Haven Water Co.'s Appeal, 212 Pa. 622.

OPINION BY LINN, J., April 22, 1927:

Appellants filed separate petitions in the Quarter Sessions (Borough Code 1915, P. L. 312, ch. 7, art. 1, sec. 9) for an order declaring void three ordinances of the Borough of Lewisburgh duly passed by the borough council and approved November 11, 1925. After hearing, the petition was dismissed. While the challenge of three ordinances in one petition rendered it multifarious, we do not consider it fatal (Citizens N. G. Co. v. Shenango Co., 138 Pa. 22, 31), the ground of invalidity alleged being common to the three ordinances, and as the three highways might have been vacated by one ordinance.

In May, 1925, certain adjacent territory was annexed to the borough. This land had been owned by one of the appellants; it was laid out in building lots, intersected by proposed streets and alleys as shown on a recorded plan. These highways had not been physically opened. After the annexation, the school board of the borough took steps to condemn a certain part of appellant's land for school purposes, by a proceeding, we are informed, now before the Supreme Court on appeal by the present appellants. Among the streets intersecting the tract were Ninth Street, Hayes Alley, and Pine Alley. While a school board may condemn "lands theretofore occupied by streets and alleys which have been vacated by municipal authorities" (April 27, 1925, P. L. 348) it has no power to vacate highways. In this borough, it would appear, more advantageous use for school purposes could be made of the land desired by the school board if those three highways were vacated. Accordingly, in November, 1925, the dedication of the highways having previously been accepted, the borough enacted three ordinances, one vacating Ninth Street, one vacating Hayes Alley, and one vacating Pine Alley within the area desired for school purposes. Those three ordinances appellants attack as invalid.

We need not pass on their contention that they have not lost title to the land desired for school purposes, as their standing to file their petitions as owners of other lots in the annexed area is conceded. Nor need we discuss the contention that sec. 10, art. 5, chap. 6 of the Borough Code, 1915, P. L. 346, prohibits the vacation, further than to say that section 10 was taken into the borough code from the Act of April 17, 1905, P. L. 193, the title to which sufficiently indicates the purpose of the legislation: "To provide for the vacation and closing of alleys, lanes, or passageways that are, or may hereafter become, public nuisances; and to compensate abutting property

owners or others who may be damaged thereby, and assess benefits, if any there be." It has no relation to the present proceeding: See chap. 1, art. 1, sec. 3, P. L. 314.

Appellants do not seriously contend that the borough lacks power to vacate such plotted highways. No required step in the orderly process of legislation by the borough was omitted. The allegation is that there was fraudulent collusion between the borough council and the school board resulting in the enactment of the ordinances; that, in the words of the petition, "they are attempting to do indirectly what they cannot do directly, to wit, condemn and appropriate sundry lots and the adjoining streets and alleys." It is not illegal indirection to accomplish a desired result, lawful in itself, by finding a legal way to do the thing desired.

The borough had the power to vacate the three plotted highways: Borough Code, 1915, ch. 6, art. 4, sec. 1, P. L. 344; McCall v. Duryea Bor. et al., 71 Pa. Super. Ct. 508; Gailey v. Wilkinsburg R. E. T. Co., 283 Pa. 381, 385. That power was exercisable without regard to the wishes of the school board or of the owner of the land, and regardless of whether the school board appropriated the land or not. Though the School Code confers ample power to condemn land for school purposes, we say nothing of the condemnation alleged to have been made because the matter is not before us, but we must observe that the power of the borough to vacate highways and the power of the school district to take land for school purposes are independent of each other. Each body may act in harmony with the other, (as appears to have been done in Gailey v. Wilkinsburg R. E. T. Co., supra,) to accomplish a desired lawful result that neither could alone accomplish.

The learned court below has found that there was no fraudulent collusion; that finding is amply sup-

ported by the record and binds this court. The borough council, having the power to vacate the highways, exercised it; whether the school board desired the legislation, or not, in no way detracts from the validity of the vacation in the circumstances disclosed by the record.

As to the contention that appellants' grantees of lots in the annexed area have interests in the plotted highways which "cannot be extinguished by any municipal action on the part of the borough," it is sufficient to say that such interests are held subject to the exercise of the right of eminent domain, for which compensation is recoverable according to well established rules: Gailey v. Wilkinsburg R. E. T. Co., supra.

No. 19, order affirmed at appellant's cost.

No. 20, order affirmed at appellant's cost.